**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| **BRENT JAMES COURTNEY,** ) | |
| ) | |
| Plaintiff, ) | Case No. EDCV 15-510 AJW |
| ) | |
| v. ) | MEMORANDUM OF DECISION |
| ) | |
| **CAROLYN W. COLVIN, Acting** ) | |
| **Commissioner of the Social** ) | |
| **Security Administration,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for disability insurance benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Administrative Proceedings**

Plaintiff alleges disability beginning on May 4, 2011 due to post-traumatic stress disorder ("PTSD") and injuries to his shoulders, back, feet and knee. [Administrative Record ("AR") 86, 175]. On August 20, 2014, the Administrative Law Judge ("ALJ") issued a written hearing decision denying benefits. [AR 21-32]. The ALJ found that plaintiff had the following "severe" impairments: history of coronary artery disease, status post myocardial infarction and coronary artery bypass graft surgery, degenerative disc disease, bilateral shoulder impairment, left knee impairment, right Achilles tendonitis, and PTSD. [AR 23].

The ALJ determined that plaintiff retained the residual functional capacity ("RFC") to perform a reduced range of light work. [AR 25]. Based on the testimony of a vocational expert, the ALJ determined that plaintiff could not perform his past relevant work as a contractor, but that he could perform alternate jobs that exist in significant numbers in the national economy, such as an addressor, window shade sewer, and almond hand blancher. [AR 30-32]. Accordingly, the ALJ found that plaintiff was not disabled at any time through the date of his decision. [AR 32]. On January 16, 2015, the Appeals Council denied plaintiff's request for review of the ALJ's decision. [AR 1-6].

**Standard of Review**

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Soc. Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002) (citing Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).

**Discussion**

Plaintiff's sole contention is that the ALJ failed to give sufficient reasons for rejecting a determination by the Department of Veterans Affairs ("VA") that plaintiff is disabled. [JS 4-10].

On October 10, 2013, the VA issued a decision granting plaintiff a service-connected disability rating of 10% due to his left knee injury, 70% due to PTSD, 20% due to arthritis of the right shoulder, 20% due to his back problems, 10% due to arthritis of the right ankle, 10% due to sciatica/sensory deficit of the left lower extremity, and 10% due to sciatica/sensory deficit of the right lower extremity. [AR 446-447]. The VA determined that plaintiff was entitled to an award of 100% of benefits for individual

1 unemployability, effective October 25, 2011.[1]  [AR 441].  The VA noted that although plaintiff's physical
2 impairments would permit "[l]ow to moderate physical and all sedentary activities of employment,"
3 plaintiff's "PTSD with major depression [was] severe and intefere[d] substantially with [his] ability to
4 secure and retain gainful employment." [AR 449].  Thus, the VA concluded that plaintiff was unable to
5 work due to his service connected disabilities and was entitled to a finding of "individual unemployability."
6 [AR 441, 446].

7       An ALJ must ordinarily give great weight to a VA determination of disability.  McCartey v.
8 Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002).  "While a VA disability decision does not necessarily
9 compel the [Social Security Administration] to reach an identical result, the ALJ must consider the VA's
10 finding in reaching his decision because of the similarities between the VA disability program and the Social
11 Security disability program." Hiler v. Astrue, 687 F.3d 1208, 1211 (9th Cir. 2012) (internal quotation marks
12 and ellipsis omitted).  However, because the standards for evaluating disability under the two programs are
13 not identical, "the ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid
14 reasons for doing so that are supported by the record."  McCartey, 298 F.3d at 1076; see also Valentine v.
15 Comm'r of Soc. Sec. Admin., 574 F.3d 685, 695 (9th Cir. 2009).

16       In his decision, the ALJ noted that the "VA and [Social Security Administration] criteria for
17 determining disability are not identical," and that he may give "less weight to a VA disability rating" so long
18 as he provides "persuasive, specific, valid reasons for doing so that are supported by the record."  [AR 30].
19 The ALJ then stated that he had "considered and included most of the identified impairments found in the

---

[1] Although those percentages total 150%, they are not merely added up to determine a VA disability rating or unemployability.  The VA award notice explains:

> We granted entitlement to the 100% rate effective October 25, 2011, because you are unable to work due to you service connection disability/disabilities.
> . . .
> Your overall or combined rating is 90%, however, we are paying you at the 100% rate due to the grant of Individual Employability.  We do not add the individual percentages of each condition to determine your combined rating.  We use a combined rating table that considers the effect from the most serious to the least serious conditions.

[AR 441].

rating decision and [had] considered such impairments in formulating [plaintiff's] maximum residual functional capacity."[2] [AR 30].

The ALJ's discussion of the VA disability rating was insufficient. Although the ALJ purported to have read and considered the VA's disability determination, his RFC assessment implicitly rejected the VA's finding that plaintiff's combined mental and physical impairments precluded employment. The ALJ erred by failing to articulate any persuasive, specific, and valid reasons for rejecting the VA's disability rating. See Hamblin v. Astrue, 2009 WL 113858, at *2 (C.D. Cal. Jan. 14, 2009) (stating that "[t]he Ninth Circuit has made clear what is required to discount a VA rating—silently, or impliedly, rejecting it does not meet this standard"). Furthermore, the error was not harmless because the ALJ's rejection of the VA disability rating, which is entitled to "great weight" under McCartey, was not "inconsequential to the ultimate nondisability determination." Molina v. Astrue, 674 F.3d 1104, 1121-1122 (9th Cir. 2012).

Defendant argues that the ALJ considered the VA's disability determination, gave it proper weight, and assessed a consistent RFC. [JS 14]. Specifically, defendant contends that the ALJ's RFC assessment limited plaintiff to "non-complex routine tasks; no tasks requiring hypervigilance; no responsibility for the safety of others; no public interaction; and no jobs requiring significant teamwork," and that these limitations are consistent with the VA's finding that plaintiff's PTSD was "somewhat limiting." [JS 14].

Defendant's argument is unpersuasive. Nowhere in its decision did the VA indicate that plaintiff's PTSD was only "somewhat limiting." [See AR 439-454]. In fact, the VA gave plaintiff's PTSD a 70% disability rating and concluded that his combined impairments left him unable to work. [AR 449]. According to the VA's rating schedule for mental disorders, a 70% disability rating indicates

---

[2] The ALJ assessed plaintiff with the following RFC: Plaintiff can perform light work "except [plaintiff] can lift and carry 20 pounds occasionally and 10 pounds frequently. He can sit for 6 hours out of 8, with appropriate breaks. He can stand and walk for 2 hours out of 8. He can occasionally perform postural activities, but never work on ladders, scaffolds, or ropes. He can occasionally perform above shoulder work bilaterally, and he can occasionally use foot pedals or controls with his lower left extremity. [Plaintiff] should not work near unprotected heights or dangerous machinery. Additionally, he is limited to non-complex routine tasks, no tasks requiring hypervigilance, no responsibility for the safety of others, no interaction with the public, and no jobs requiring significant teamwork." [AR 25].

"[o]ccupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood."[3] 38 C.F.R. § 4.130. In granting plaintiff VA disability benefits, the VA relied on its examiner's findings that plaintiff had a Global Assessment of Function ("GAF") score of 45[4] and that plaintiff's "PTSD with major depression [was] severe and interefe[d] substantially with [his] ability to secure and retain gainful employment." [See AR 441, 449-450]. The ALJ erred in failing to articulate legally sufficient reasons for impliedly rejecting the VA disability rating,

Alternatively, defendant argues that the ALJ properly discounted the VA disability determination for the following reasons: (1) the VA's decision was not binding on the ALJ; (2) the VA's decision was inconsistent with the medical record; and (3) the VA's decision was based on plaintiff's subjective complaints. [See JS 10-21]. The first reason is an incomplete statement of the law because while not binding on the ALJ, a VA disability rating can be rejected only for persuasive, specific, and valid reasons. McCartey, 298 F.3d at 1076; see also Berry v. Astrue, 622 F.3d 1228, 1236 (9th Cir. 2010) (stating that the ALJ's rationale that "the SSA is not bound by the VA's determination because the governing rules differ" was not a "'persuasive, specific, valid reason' for discounting the VA's determination) (citing Valentine, 574 F.3d at 695 ("Insofar as the ALJ distinguished the VA's disability rating on the general ground that VA and SSA disability inquiries are different, her analysis fell afoul of McCartey")).

The second and third reasons offered by defendant to support the ALJ's rejection of the VA disability rating were not articulated by the ALJ in his decision. [See AR 25]. While a reviewing court may

---

[3] Specifically, a 70% disability rating indicates "[o]ccupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with period of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a worklike setting); inability to establish and maintain effective relationships." 38 C.F.R. § 4.130.

[4] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." Garrison v. Colvin, 759 F.3d 995, 1002 n.4 (9th Cir. 2014) (quoting Vargas v. Lambert, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998)). "According to the DSM-IV [Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition], a GAF score between 41 and 50 describes serious symptoms or any serious impairment in social, occupational, or school functioning." Garrison, 759 F.3d at 1002 n.4.

draw specific and legitimate inferences from an ALJ's decision, a court cannot speculate on the ALJ's reasoning or make "post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1225-1226 (9th Cir. 2009) (stating that "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ – not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking"); Stout v. Comm'r, Social Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006) (stating that the court is "constrained to review the reasons the ALJ asserts" for the denial of benefits and "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision") (quoting Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003); Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001)); Hamblin, 2009 WL 113858, at *2 (holding that the ALJ erred where "it cannot be discerned from the ALJ's decision why the ALJ failed to rely on the VA rating" because the court can review only those reasons set forth in the ALJ's decision). Therefore, the Commissioner's proffered reasons do not remedy the ALJ's legal error in failing to articulate persuasive, specific, valid reasons for rejecting the VA disability rating.

**Remedy**

The choice whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the court. McCartey, 298 F.3d at 1076-1077. The court's decision generally turns on the utility of further proceedings. Harman v. Apfel, 211 F.3d 1172, 1178-1179 (9th Cir. 2000). The Ninth Circuit has observed that "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" Moisa v. Barnhart, 367 F.3d 882, 886 (9th Cir. 2004) (quoting INS v. Ventura, 537 U.S. 12, 16 (2002) (per curiam)).

In this case, a remand for further administrative proceedings is the proper remedy. While a VA disability rating ordinarily is entitled to great weight, it "does not necessarily compel the SSA to reach an identical result," and it is not clear that social security disability benefits must be awarded in this case. See Hiler, 687 F.3d at 1211-1212 (holding that a remand for further administrative proceedings is appropriate where the ALJ deviated from the claimant's VA disability ratings and gave no reason for dong so). On remand, the ALJ shall develop the record as needed and issue a new decision containing appropriate findings.

///

## Conclusion

The Commissioner's decision is not based on substantial evidence in the record and is not free of legal error. Accordingly, the Commissioner's decision is **reversed**, and this case is **remanded** to the Commissioner for further administrative proceedings consistent with this memorandum of decision.

**IT IS SO ORDERED.**

July 15, 2016

_____
ANDREW J. WISTRICH
United States Magistrate Judge